UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,    REPORT AND RECOMMENDATION
                                    11-cr-6209
     v.

SAFI OSMAN,

                Defendant.

---

     By text Order of Judge Charles J. Siragusa, dated December 22, 2011 (Docket # 10), all pretrial motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). Pending before the Court is defendant's motion to suppress statements made to government agents during an interview with defendant on December 20, 2010. (Docket # 15). The defendant alleges that she was subjected to a custodial interrogation and was not adequately advised of her Miranda rights. Miranda v. Arizona, 384 U.S. 436 (1966). The Government concedes that Osman was not advised of her Miranda rights during the December 20, 2010 interview, but disputes that the December 20, 2010 interview was a custodial interrogation. Thus, the issue before the Court is whether defendant Osman was in custody at the time she made her statements to the government agents on December 20, 2010.

     A suppression hearing was held on April 17, 2012. At the conclusion of the hearing, I read into the record my findings of fact and conclusions of law regarding Osman's motion to suppress statements she made during her interview with government agents on

December 20, 2010.  It was my oral Report and Recommendation that the defendant's motion to suppress be **denied** and I confirm that recommendation now for the reasons I stated on the record.  Should objections be filed to this Report and Recommendation, a transcript of the Court's factual findings and legal conclusions announced at the conclusion of the hearing should be provided to Judge Siragusa by the objecting party.

**SO ORDERED.**

_____<br>
JONATHAN W. FELDMAN<br>
United States Magistrate Judge

Dated: April 17, 2012
Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**</u> *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>**Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**</u>

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated:    April 17, 2012
          Rochester, New York

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(f) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. <u>United States v. Andress</u>, 943 F.2d 622 (6th Cir. 1991); <u>United States v. Long</u>, 900 F.2d 1270 (8th Cir. 1990).